Marrero *v.* Skerret et al.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 580.—Resuelto en mayo 5, 1911.

Censos—Cura Ecónomo—Personalidad para Cobrar un Censo—Obispo Católico de Puerto Rico.—El Obispo Católico Romano es la única persona que puede entablar una acción en cobro de los intereses de un censo, sin que un cura ecónomo ni un cura párroco tengan tales facultades.

Id.—Prueba de la Constitución de un Censo—Acción en Cobro de Intereses de un Censo.—Para que pueda prosperar la acción de cobro de intereses adeudados de un censo es indipensable probar con la mejor prueba la existencia de tal gravamen, siendo el documento original o una copia certificada del mismo la mejor prueba de la constitución de tal gravamen.

Id.—Insuficiencia de la Prueba del Demandante—Prueba del Demandado—Negación General de la Demanda.—No habiendo probado el demandante las alegaciones de su demanda, no están los demandados en la obligación de presentar pruebas algunas, siendo suficiente la negación general de la demanda.

Censo—Cobro de Intereses—Prescripción—Acción Personal.—La acción en cobro de intereses de un censo tiene el carácter de personal y prescribe a los cinco años.

Id.—Acción en Cobro del Capital de un Censo—Prescripción—Acción Real.—La acción en cobro del capital de un censo es de carácter real y prescribe a los treinta años.

Id.—Reconocimiento de un Censo—Admisión en Perjuicio de Terceros.—Un supuesto reconocimiento de un censo hecho por los dueños de una finca en una época en que ya habían vendido dicha finca, no puede perjudicar a los causahabientes que han adquirido con anterioridad a dicho reconocimiento.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. José L. Pesquera.
Abogado de los apelados: Sr. Eduardo Acuña.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En el presente caso, el Presbítero Alfonso Marrero, Cura Ecónomo de la Parroquia de Toa Baja, entabló este pleito contra los demandados, expresando los nombres de los mismos, y alegando que se encuentran en posesión de los terrenos que componían la antigua hacienda "Julita," con el fin de cobrar la suma de cuatro mil trescientos cincuenta y cuatro pesos ($4,354) españoles, por concepto de réditos anuales de un capital a censo de tres mil seiscientos veinte y ocho pesos y setenta y cinco centavos ($3,628.75) macuquinos, correspondientes a los últimos veinte y siete años; el cual censo se dijo afectaba a todos los terrenos de dicha hacienda "Julita." En la demanda aparecen las siguientes alegaciones esenciales:

"(a) La posesión por parte de los demandados de las diversas suertes o parcelas, en que se fraccionó la hacienda "Julita."

"(b) La de que sobre dicha hacienda pesa un capital a censo por la expresada suma de tres mil doscientos veinte.y cinco pesos cincuenta y cinco centavos españoles, equivalencia de tres mil seiscientos veinte y ocho pesos setenta y cinco centavos macuquinos, pertenecientes al Santísimo y al Rosario que se venera en la Iglesia Parroquial de Toa Baja, constituído por un anterior dueño de la finca nombrado José Canales, y reconocido primeramente por su sucesión y más tarde por Don Manuel Skerrett y por la Sociedad Skerrett Hermanos.

"(c) La del adeudo de los canones de dicho censo, correspondiente a los últimos veinte y siete años y ascendentes a cuatro mil trescientos cincuenta y cuatro pesos cincuenta y cuatro centavos españoles.

"(d) La negativa al pago de esa suma, por parte de los demandados, a pesar de las amistosas gestiones del demandante."

Las demandadas, Skerret, contestaron dicha demanda como sigue:

"1ª. Una negación general de todas y cada una de las alegaciones de la demanda.

"2ª. Que las demandadas adquirieron la finca en cuestión, en el año 1879 a título de adjudicación que le hizo la Social Skerrett Her-

manos, de cierta deuda consignada en escritura pública del año 1877; y que tal adjudicación se hizo libre de toda carga o gravamen y se inscribió en el registro de la propiedad, consignándose en orden a las cargas o gravámenes que le afectaban, específicamente lo siguiente:

"*Sin que conocidamente se halle afecta a ninguna otra obligación,* por más que debe llamarse la atención respecto a que, cuando se inscribió otra parte de la hacienda al folio 96 finca 20 de este tomo, *se confesaron en el título* que sirvió para dicha inscripción, gravámenes por 3,628.75 pesos, cuyos gravámenes, de los que no pudo venirse en conocimiento como *inscritos, si afectaren al todo de la hacienda, deberán ser considerados también de la parte de este número.*

"Que muchos años después de hecha la adjudicación a las Srtas. Skerrett Ramirez, fué que la Social Skerrett Hermanos, promovió expediente posesorio de cierta finca de 208 cuerdas procedente de la hacienda "Julita," y sobre aquella específica y determinadamente reconoció un censo de 3,628.75 pesos a favor del Santísimo y del Rosario.

"3ª. Que en el registro de la propiedad y en relación con la finca de estas apeladas, no había sido trasladado de los libros de la antigua anotaduría de hipotecas, asiento alguno referente al censo que se reclama, y

"4ª. Que la acción ejercitada en cobro de pensiones de un censo se encontraba prescrita de conformidad con los preceptos de los artículos 1523, 1865 y 1867 del Código Civil revisado."

Los demás demandados presentaron contestaciones, varias de ellas análogas, y otras distintas, compuestas principalmente de negaciones generales. En el juicio, las cuestiones a resolver resultaron ser las siguientes:

1°. ¿Tenía el demandante, como cura ecónomo, autoridad para entablar una demanda como la presente en cobro de los réditos de un censo perteneciente a la Parroquia de Toa Baja?

2°. ¿Existía realmente el censo expresado y descrito en la demanda; o si existía, se presentó en el juicio prueba legal alguna con respecto a la existencia del mismo?

3°. ¿Ha prescrito el censo en que está basada la presente acción?

1°. Examinando estas cuestiones por su orden, diremos que el demandante en el presente caso no demuestra tener

autoridad alguna para entablar una acción como la presente
con arreglo a nuestras leyes, tanto canónicas como civiles;
el Obispo Católico Romano de Puerto Rico, es la única per-
sona que puede entablar una acción como la que está pen-
diente ante este tribunal, y ni siquiera el cura párroco mismo
podría entablar semejante demanda, y mucho menos un cura
ecónomo que ejerce en su lugar. El Obispo de Puerto Rico
es la persona a quien corresponde entablar pleitos en recla-
mación de bienes pertenecientes a la Iglesia Católica Romana
en esta Isla, y esta autoridad de que está revestido, es exclu-
siva hasta que se demuestre en debida forma lo contrario.
No aparece en los autos alegación ni prueba alguna de seme-
jante autoridad por parte del demandante fuera de la que
acredita que es el Cura Ecónomo de Toa Baja. Su nombra-
miento como tal por el Obispo no le confirió el derecho de
entablar demanda con motivo de bienes como los de que se
trata en el presente caso. Esto ha sido ya resuelto implícita-
mente por este Tribunal Supremo, en los casos de la Iglesia,
y tal resolución es suficiente por sí, para resolver este caso,
y para autorizarnos a negar todo remedio al apelante. (1
Bouvier's Law Dictionary, p. 246, verbum *Bishop.* Código
Civil de Puerto Rico, artículos 1611-1619; *Díaz Caneja* v.
*Marxuach,* 2 Dec. P. R., 460.)

2°. Si jamás existió un censo como el de que se trata, lo
que podría ser, no se presentó en el acto del juicio ninguna
prueba legal que demostrara la existencia del mismo. Tal
censo debió haberse creado mediante un documento público,
y tal documento, que no fué presentado ni mencionado en el
caso, hubiera sido la mejor prueba de la existencia de tal
gravamen. Para sostener una proposición de hecho, afir-
mada por cualquiera de las partes, debe presentarse la mejor
prueba con la cual pueda demostrarse dicha proposición. El
documento original, por el que se creó el censo, no fué pre-
sentado como prueba, ni se explicó en manera alguna la falta
del mismo, ni se presentó copia certificada, ni copia simple
siquiera de dicho documento, en los autos, ni se hizo referen-

cia en estos últimos, a tales copias. No se presentó, en el acto del juicio, ninguna prueba legal de la existencia de dicho censo. La única prueba que el demandante intentó presentar, era una certificación del Registrador de la Propiedad de San Juan, expresando que la hacienda "Julita" estaba gravada con un censo de tal o cual cuantía. No aparece cuáles eran las condiciones—si es que las hubo—bajo las cuales se otorgó dicho censo; si era para misas para el descanso del alma del otorgante, o para cuidar su sepulcro, o para sostener un sacerdote, o para otro objeto, o si fué una simple donación sin condición alguna. Tampoco aparece que el asiento de dicho censo jamás haya sido trasladado de la antigua anotaduría de hipotecas, al registro moderno, según lo exige el artículo 397 de la Ley Hipotecaria. La prueba aportada no es suficiente para demostrar la existencia del censo, y éste fué el punto en que el Tribunal inferior basó su resolución a favor de los demandados; en otras palabras, el tribunal sostuvo la excepción previa presentada contra la prueba; y le incumbía al demandante, tanto en el presente caso como en todos los demás, probar su derecho mediante pruebas suficientes; y mientras no haga eso, los demandados no están obligados a presentar prueba alguna, ni a alegar otra defensa que la de una negación general. (Ley de Evidencia, Art. 108; Leyes de Puerto Rico, 1905, p. 141.)

3°. Pero, aún en el caso de que el demandante tuviera la autoridad necesaria para entablar el pleito, y hubiera presentado el censo, de acuerdo con la certificación que presentó como prueba, la Ley de Prescripción impediría todo recobro, porque no se ha deducido la demanda dentro del término prescrito por la ley. De la declaración de Don Andrés Crosas, aparece que por más de treinta años no se ha hecho esfuerzo alguno para cobrar réditos de ningún censo o gravamen. Por consiguiente, aún cuando la acción fuera una acción real, según sostiene el demandante, aún entonces habría prescrito. El censo parece haber sido impuesto en 1879, o antes de dicho año. Sin embargo, los réditos del censo no

son objeto de una acción real, sino de una acción personal; y, por lo tanto, no puede haber, en ningún caso, con arreglo a nuestra ley, recobro de los mismos por más de cinco años, de los demandados que alegaron prescripción.

Es verdad, según sostiene el apelante, que los hermanos Skerrett, reconocieron que su finca estaba gravada con un censo; pero, en la época en que hicieron tal reconocimiento, ya habían efectuado, mediante escritura, el traspaso de los terrenos que poseían; y ninguna admisión por parte de los hermanos Skerrett, con respecto a gravámenes que afectaban a cualquiera finca poseída por ellos, sería obligatoria para persona alguna, que hubiera derivado su título de dichos señores, en una época anterior al tiempo en que éstos hicieron tales admisiones . Además, los demandados Skerrett negaron que sus terrenos jamás hubieran formado parte de la finca "Julita," sobre la cual, según se alega, pesaba dicho censo; y la prueba no demuestra claramente semejante hecho. Parece que la prueba demuestra simplemente que la propiedad de los demandados Skerrett, colindaba con la de los hermanos Skerrett, que eran sus predecesores en la posesión del título de dominio. No se ha alegado que se haya hecho esfuerzo alguno para cobrar ninguna anualidad de los réditos de dicho censo, durante los últimos veinte y siete años, y con arreglo a la ley (Código Civil, arts. 1523, 1865 y 1867), una acción como la presente, hace mucho tiempo que ha prescrito.

Se ha indicado en el alegato, que ha debido dictarse sentencia contra Andrés Crosas O'Ferral, por no haber presentado prueba alguna en su propia defensa; y también contra Isabel Sampayo, por haber negado tener interés alguno en este pleito. Sin embargo, en ambos casos es necesario que el demandante pruebe su derecho, y puesto que no lo ha hecho así, los demandados Crosas y Sampayo tienen derecho al beneficio de esa omisión; y el tribunal sentenciador no hubiera podido, con justicia, dictar sentencia contra los mismos en el presente caso. Puede ser que aparezcan en los

autos otras cuestiones de menos importancia; pero esas cuestiones no son esenciales para la resolución de este caso, dada la opinión que hemos formado de las cuestiones principales, discutidas anteriormente. Por lo que respecta a dos puntos de importancia vital, el demandante ha dejado de probar su derecho; y los demandados han hecho a lo menos una defensa eficaz, o sea la de prescripción.

Por estas razones, debe confirmarse, en todas sus partes, la sentencia dictada por la corte inferior.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

El Presidente Sr. Hernández firmó haciendo constar estar conforme con la sentencia, pero no con todos sus fundamentos.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.